## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BYRON JAMAAL BROWN,

      Petitioner,

v.                                                                CASE NO. 8:17-cv-465-TPB-SPF

SECRETARY, Department of Corrections,

      Respondent.

_____/

## <u>O R D E R</u>

Brown applies under 28 U.S.C. § 2254 for the writ of habeas corpus
(Doc. 1) and challenges his conviction for robbery with a firearm, for which
conviction Brown is imprisoned for twenty-five years.  Both the conviction
and the sentence accord with the plea agreement.  Numerous exhibits support
the response.  (Doc. 26)  The Respondent admits the petition's timeliness
(Response at 2, Doc. 26)[1] and correctly argues (1) that each ground for relief
either fails to assert a ground reviewable under § 2254 or lacks merit and
(2) that the petition asserts no ground based on the ineffective assistance of
counsel.

_____

[1] This case was previously closed. After Brown did not oppose the Respondent's earlier
response, an order (Doc. 13) determined that the Respondent correctly argued that this action
was untimely, which determination was reversed because the circuit court ruled that Brown's
first of several post-conviction motions was "properly filed" and tolled the limitation. (Doc. 22)

# I.  BACKGROUND[2]

In 2005 Brown pleaded guilty to possession of cocaine and was sentenced to probation.  Four months later in 2006 (1) Brown pleaded guilty to uttering a forged instrument and was sentenced to imprisonment for three years, (2) Brown's probation for the 2005 conviction was revoked, and (3) he was sentenced to three years' imprisonment for the 2005 conviction to run concurrent with the 2006 conviction.  Brown was released from imprisonment in August, 2008.

Less than a year later, specifically, June 5, 2009, Brown and a co-defendant entered a Metro P.C.S. store, Brown brandished a firearm at the store clerk and demanded money from the cash register, and Brown reached across the counter and grabbed nearly $600 from the cash register.  The store security cameras captured both the armed robbery and the robbers flight in a van.  Later the store clerk identified the abandoned van a few blocks away, and she subsequently identified the co-defendant from a "photo-pak."  Upon being advised that an arrest warrant was issued, the co-defendant surrendered to police, provided a full confession, and implicated Brown as his accomplice.  Later Brown was arrested and asserted as an alibi that he was at his grandmother's house, but she denied that he was at her house on that date.

---

[2] This summary of the facts derives from Brown's *Anders* brief and Brown's *pro se* briefs on direct appeal. (Respondent's Exhibits 12 and 13)

Brown was charged with robbery with a firearm and the prosecutor filed a notice that Brown faced a sentence as both a prison releasee re-offender ("PRR") and a habitual felony offender ("HFO"). (Respondent's Exhibit 4) Because the robbery occurred within one year of his release from prison, Brown qualified for a sentence as a PRR, and he qualified for a sentence as an HFO because he had the two predicate prior felony convictions. If sentenced as a PRR, Brown's sentence was a mandatory term of life imprisonment. The plea agreement avoided a PRR sentence and, although life imprisonment was still the maximum possible sentence as an HFO, under the terms of the plea agreement the prosecutor agreed to limit Brown's sentence to only twenty-five years imprisonment with a ten-year minimum mandatory followed by fifteen years' probation. At sentencing Brown stated "that he was tak[ing] the plea deal rather than take a risk at catching life." (Respondent's Exhibit 6 at 22)

On appeal Brown's counsel filed an initial brief under *Anders v. California*, 386 U.S. 738 (1967), Brown *pro se* filed both an initial and a supplemental initial brief, and Brown filed a *pro se* reply brief. (Respondent's Exhibits 12, 13, 15, and 16) The state court record shows that Brown filed several motions under Rule 3.800, Florida Rules of Criminal Procedure, to correct an illegal sentence but no timely motion for post-conviction relief under Rule 3.850. The six grounds for relief in this action challenge Brown's sentence; the petition alleges no ground of ineffective assistance of counsel.

## II.  STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

governs this proceeding.  *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210

(11th Cir. 1998).  Section 2254(d), which creates a highly deferential standard

for federal court review of a state court adjudication, as *Williams v. Taylor*, 529

U.S. 362, 412–13 (2000), explains:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's petition for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.
> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied — the state court adjudication resulted in a
> decision that (1) "was contrary to . . . clearly established Federal Law, as
> determined by the Supreme Court of the United States" or (2) "involved
> an unreasonable application of . . . clearly established Federal law, as
> determined by the Supreme Court of the United States." Under the
> "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts. Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly

established federal law is objectively unreasonable, . . . an unreasonable

application is different from an incorrect one."  *Bell v. Cone*, 535 U.S. 685, 693

(2002).  "As a condition for obtaining habeas corpus from a federal court, a state

prisoner must show that the state court's ruling on the claim being presented in

federal court was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for

fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question . . . .") (citing *Richter*); *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted). When the last state court to decide a federal claim issues a reasoned and explanatory opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). When the relevant state-court decision is

not accompanied with reasons for the decision, the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.*

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Brown's convictions and sentence. (Respondent's Exhibit 17)  Similarly, in other *per curiam* decisions without a written opinion the state appellate court affirmed the denial of Brown's subsequent Rule 3.000 motions to vacate.  (Respondent's Exhibit 28, 34, and 40)  The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). The state post-conviction court's rejection of Brown's claims warrants deference in this case.  (Orders Denying Motions to Correct Illegal Sentence, Respondent's Exhibits 23, 31, and 37)

### III.  GROUNDS FOR RELIEF

Brown alleges six grounds for relief; one ground challenges his plea and the other grounds challenge his sentence.  Brown is not entitled to relief under any of the alleged grounds.

## A.  Challenge to the Guilty Plea

In Ground One Brown questions the validity of his guilty plea.  Brown must overcome the "well settled [premise] that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).  And, as *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), explains, a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction.  *E.g., United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").

In his petition (Doc. 1 at 3) Brown recognizes that, "to be valid, a guilty plea must be knowing, intelligent, and voluntary."  Brown, as the petitioner, must identify a basis for challenging the constitutionality of his guilty plea.  Brown fails to identify a basis for challenging his guilty plea.  In his reply

Brown argues that the state should have been required (1) to determine if he was competent and (2) to afford him a "hearing to determine whether or not his guilty plea was voluntary even though he had declared in open court that his plea was voluntarily and knowingly." (Doc. 29 at 4)  Brown identifies no basis for contesting either the voluntariness of his plea or his competency.  On the contrary, "the representations of the defendant . . . [at the plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).  Ground One has no merit.

## B.  Challenges to the Sentence

Grounds Two through Six challenge the validity of Brown's sentence under state law, specifically, that the trial court's factual findings are insufficient to impose a ten-year minimum mandatory sentence (Ground Two); that the trial court failed to find both that an HFO sentence was needed to protect the public and that Brown had the requisite two predicate prior convictions (Grounds Three and Four); that the trial court failed to require a pre-sentence investigation report (Ground Five); and that the ten-year minimum mandatory sentence is illegal because it was not part of the plea agreement (Ground Six).

A sentence within legislatively mandated guidelines is presumptively valid. *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). If a sentence is within the statutory limits, state courts have wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). Consequently, federal habeas corpus review of an asserted violation of state sentencing law is limited, as *McCullough v. Singletary*, 967 F.2d 530, 535–36 (11th Cir. 1992), explains:

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. *Mendiola v. Estelle*, 635 F.2d 487, 489 (5th Cir. 1981).[3]

*See also Branton v. Sec'y, Fla. Dep't of Corr.*, 796 F. App'x 635, 638 (11th Cir. 2019)[4] ("Branton has articulated no cognizable claim for federal habeas corpus relief because the federal courts are limited to correcting errors of federal law, and Branton never brought a federal claim, either in state court or in federal

---

[3] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

court."); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) "[F]ederal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.") (citations omitted).

Nevertheless, each claim in Grounds Two through Six is refuted by the record and, to the extent that he raised the claims in state court, each claim was rejected by the post-conviction court. "Defendant waived his right to a presentence investigation pursuant to his plea agreement, and the Court made the necessary findings to qualify Defendant as an HFO [and] the Court then sentenced Defendant according to the terms of his negotiated plea agreement, including the 10 year minimum mandatory provision." (Respondent's Exhibit 37 at 2–3) Brown is not entitled to relief based on Grounds Two through Six.

## CONCLUSION

Brown fails to meet his burden to show that the state court's decision was either an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of fact. As *Burt v. Titlow*, 571 U.S. 12, 19–20 (2013), recognizes, a petitioner's burden under § 2254 is very difficult to meet:

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. [86, 103] (2011). "If this standard is difficult to meet" — and it is — "that is because it was meant to be." *Id.*, at [102]. We will not lightly conclude that a State's criminal justice system has experienced the "extreme

malfunctio[n]" for which federal habeas relief is the remedy. *Id.*, at [103] (internal quotation marks omitted).

Brown's motion "to hear and rule" (Doc. 33) is **GRANTED**.  Brown's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Brown and **CLOSE** this case.

**DENIAL OF BOTH
A CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Brown is not entitled to a certificate of appealability ("COA").  Under § 2253(c)(1), a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the petitioner has made a substantial showing of the denial of a constitutional right."  To merit a COA, Brown must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Brown is entitled to neither a COA nor leave to appeal *in forma pauperis.*

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Brown must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of January, 2025.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**